UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY KASALO, ) | | Case no.: 10-cv-01643 |
| on behalf of himself and the class ) | | |
| defined below, ) | | |
| ) | | |
| PLAINTIFF, ) | | |
| ) | | Judge Suzanne B. Conlon |
| v. ) | | |
| ) | | |
| GARY C. COOKE, and NCSPLUS ) | | |
| INCORPORATED, ) | | |
| ) | | |
| DEFENDANTS. ) | | Jury Demanded |

**PLAINTIFF'S MOTION TO AMEND DECISION ON THE MERITS ENTERED ON OCTOBER 4, 2011**

The Plaintiff, Tommy Kasalo by his attorney J. Nicolas Albukerk, pursuant to Federal Rule of Civil Procedure 59a and 59e, submits this Memorandum of Law in Support of his Motion:

**DEFENDANTS, AND NOT PLAINTIFF, BEAR THE BURDEN OF PROOF TO SHOW THAT THE COLLECTION OF ANY AMOUNT ABOVE THE PRINCIPAL AMOUNT OF $88.26 IS AUTHORIZED BY THE AGREEMENT CREATING THE DEBT**

Section 1692f of the Fair Debt Collection Practices Act provides, in relevant part, as follows:

**§1692f. Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

   **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) <u>unless</u> such amount is <u>expressly</u> authorized by the agreement creating the debt or permitted by law.**
\*\*\*

**15 U.S.C. §1692f, emphasis added**

Plaintiff has alleged violations of both 1692f generally as well as 1692f(1) based on Defendants'

attempt to collect an alleged debt of $1020.03 in March 2009, from an original balance of $88.26 in December 2007. (Amended Complaint, ¶5, ¶ 60). The Decision filed on October 4, 2011, after the trial of this matter, states that "Kasalo must prove by a preponderance of the evidence that NCSPLUS or Cooke added charges to the amount reported by Allied Funding Group and that those charges are unauthorized". (Exhibit A, Decision, p.12).

With respect to whether the charges are "authorized", Defendants cite to a provision in the "Promissory Note/Payroll Deduction Authorization" (See Exhibit I, enclosed within Group Exhibit C, attached hereto) that provides in relevant part as follows:

> **"The Undersigned....agrees to pay all costs of collection and enforcement of the Note and the enforcement of this guaranty."**

(See Promissory Note, Exhibit I, enclosed within Group Exhibit C, attached hereto, See also Exhibit E, pgs. 29-31 )

Plaintiff respectfully submits that it is Defendants'--and not his--burden to prove that any and all amounts above the $88.26 in principal that they attempted to collect was <u>expressly</u> authorized by the provision referenced above. It is black letter law that a debt collector may not attempt to collect any amount above the principal of the obligation "**unless** such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1). Here, Defendants bear the burden of proof that they are within the "unless" clause of 1692f(1). <u>See, e.g., Meacham v. Knolls Atomic Power Lab</u>, 128 S. Ct. 2395, 2400, 171 L.Ed. 2D 283 (2008), as the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits . . ."); <u>United States</u> v. <u>First City Nat. Bank of Houston</u>, 386 U.S. 361, 366, <u>87 S. Ct. 1088, 18 L. Ed. 2d 151 (1967)</u> (citing <u>Morton Salt</u> Co., <u>supra</u>, at 44-45, 68 S. Ct. 822, 92 L. Ed. 1196, 44 F.T.C. 1499). Put another way, it is Defendants that seek the benefit of fitting within the exception to the proscription of collecting the $931.77 amount beyond the $88.26 principal in this case, unless the existence of said amount is expressly authorized or permitted by law. They have not,

however, met the burden of showing that such amount is authorized, or allowed by law.

**DEFENDANTS HAVE NOT PROVED THAT ANY AMOUNTS ABOVE THE PRINCIPAL OF THE ALLEGED DEBT ARE EXPRESSLY AUTHORIZED BY THE AGREEMENT CREATING THE ALLEGED DEBT, OR AUTHORIZED BY LAW, AS DEFENDANTS ADMITTEDLY DO NOT EVEN KNOW WHAT THE DEBT CONSISTS OF, OR HOW IT WAS DERIVED**

At all times relevant hereto, Defendants have taken the position that they have no idea how the debt came to exist in the amount they sought to collect. (Exhibit D, Response to Plaintiff's Interrogatory #18, within Group Exhibit C attached hereto; See also Exhibit E, p.47, lines 5-9). Defendants also posit that, despite not knowing any breakdown of the interest, costs, or attorney fees which have been added in some combination to the $88.27 principal amount to result in the $1020.03 sought by Defendants, the interest, costs, or attorney fees added thereto are nonetheless supported by the agreement creating the debt and by law. This is nonsensical, as it would mean that any combination of the above interest, costs or fees that would add up to $1020.03 would be legally sought. Moreover, it strains economic reason that $931.77 **in any combination** of legal interest, fees, or costs can be deemed a reasonable amount to add to an $88.27 debt within a period of little over a year. For this reason, Plaintiff respectfully submits that the amounts added to the principal in any combination adding up to $931.77 are not supported by the agreement creating the debt—here the Promissory Note—as they are not fees sought in reasonable amounts proportional to the original principal debt.

Further, the very face of Defendants' letters violate both §1692e and §1692f of the FDCPA because, despite the fact that *some* combination of fees, interest, and costs have indisputably been added to the original debt, they did not state *how* the amount was determined. (Amended Complaint, collection letters attached as Exhibits B, D). Though the Decision (Exhibit A, Decision, page 10, FN 1) cites to Fields v Wilber Law Firm, P.C., 383 F.3d 562, 565 (7th Cir. 2004) for the proposition that "when a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter",

none of the three letters sent to Plaintiff stated the fees and costs sought. In fact, <u>Fields</u> imposed a requirement that any costs and fees added to an obligation be explained, as follows:

> **Even if attorneys' fees are authorized by contract, as in this case, and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors. <u>This includes how</u> the total amount due was determined if the demand for payment includes add-on expenses like attorneys' fees or collection costs...It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt. One simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt.**

*Id*. At 564-565, emphasis added.

As stated, none of the letters sent contain a breakdown of the amounts sought, despite the fact that the amount sought contained fees and costs of some type in the amount of $931.77. Defendants' letters were thus unfair and violated § 1692e and § 1692f. For the reasons above, Defendants have not met their burden to show that the amounts sought were authorized by the agreement creating the debt, or by law.

### **DEFENDANTS HAVE PROVIDED NO CREDIBLE EVIDENCE THAT THE $1020.03 AMOUNT THEY SOUGHT TO COLLECT WAS, IN FACT, THE AMOUNT PLACED WITH DEFENDANTS TO BE COLLECTED FROM PLAINTIFF, OR THAT THEY ADDED NO FEES TO SAID AMOUNT**

The Decision states that "the court concludes that neither NCSPLUS nor Cooke added charges to the balance Allied Funding Group placed for collection". (Exhibit A, Decision, p.13). **However, there is no evidence of what that balance was in the first place,** and an inference can be made that charges were added by NCSPLUS based on Defendants' decision to cloak and withhold the information contained on a purported "spreadsheet" from which said balance was obtained.

Defendants have repeatedly asserted that the $1020.03 amount sought from Plaintiff was communicated to them by Allied in written form. However, Defendants have also failed to provide evidence of any written proof of such transmission of information. No such spreadsheet was provided

in discovery. (Exhibit D, Production Response by Defendants). Nor was a copy of the spreadsheet introduced in evidence. (Exhibit B, Pretrial Order; Exhibit C, Trial Exhibits). In fact, Goldberg testified at trial that he learned of the amount of the debt from a "file", stating "they provided us with a file. A spreadsheet file". (Exhibit E, p. 48, line 5). Goldberg also testified that the balance given to him by Allied was $1020.03. (Exhibit E, line 14).

The best-evidence rule requires that if an affiant bases a statement on knowledge learned from a document, that document must be provided. Waterloo Furniture Components, Ltd. v. Haworth, Inc., 467 F.3d 641, 648-49 (7th Cir 2006). Here, Goldberg's testimony should not have been considered credible as it was based **solely** on the spreadsheet that was not provided or made available at any point in the litigation. Because the spreadsheet was never provided, and since Goldberg's testimony as to the amount placed for collection was based on said spreadsheet exclusively, said testimony violates the rule and should be disregarded. As the testimony is without foundation, it should not be admissible to prove the amount of the debt placed for collection was $1020.03. In turn, Goldberg's testimony that his company did not add any amounts to that purported placement balance also cannot be considered credible since there would be no valid reason for him to withhold a document, here the spreadsheet, that he alleged supported his position. His actions in this regard are extremely suspect, and support an inference that the $1020.03 amount he states was placed with Defendants for collection, misrepresents the truth.

WHEREFORE, Plaintiff moves this Honorable Court to amend its Decision entered on October 4, 2011, find Defendants liable for violating the Fair Debt Collection Practices Act, award Plaintiff attorney fees and costs, and for any such other and further relief the Court deems just.

Respectfully Submitted,


By/s/ Nick Albukerk
Albukerk & Associates
1450 West Randolph
Chicago, IL 60607
tele 773-847-2600


CERTIFICATE OF SERVICE

I Nick Albukerk on oath state that I caused a true and correct copy of the foregoing to be filed with the Clerk for the Northern District of Illinois using the CM/ECF system and that notice shall thus be sent automatically to all attorneys of record.